UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:09-cr-00207-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Writ of Habeas Corpus and Motion for Relief Under 28 U.S.C. § 2255 – #140) |
| MICHAEL PAUL PALUMBO, | |
| Defendant. | |

Before the Court is Defendant Michael Paul Palumbo's **Application for a Writ of Habeas Corpus and Motion for Relief Under 28 U.S.C. § 2255** (#140, filed Aug. 19, 2012) based on ineffective assistance of counsel. The Court has also considered the Government's Opposition (#144, filed Oct. 22, 2012). For the reasons discussed below, the Court denies Defendant's motion.

### I. BACKGROUND

Defendant Michael Paul Palumbo seeks to vacate his convictions for Possession with Intent to Distribute a Controlled Substance and Possession of a Firearm in Relation to or in Furtherance of a Drug Trafficking Crime. Defendant asserts that he was denied effective assistance of counsel in pre-trial and trial proceedings because his attorney failed to conduct pre-

1

trial research on the impound and inventory search policy of the Las Vegas Metropolitan Police Department ("LVMPD"), failed to file a subsequent Rule 12 motion to suppress the evidence resulting from the inventory search, and failed to object to the presentation of that evidence at trial. Because the Court finds that there was not deficient performance by counsel or prejudice to the Defendant, these actions do not constitute ineffective assistance of counsel.

Defendant was arrested in connection with an undercover sting operation. An anonymous tipster had informed the police that an individual was selling drugs at a certain location. Undercover officers, posing as buyers, arranged a meeting at a gas station. Officers conducting surveillance on the scene testified that they observed Defendant conduct several "hand-to-hand" transactions as he stood near his vehicle outside the gas station. Undercover Police Officers approached the Defendant and attempted to purchase a quantity of methamphetamine. Defendant refused, stating, "I have nothing for you." The undercover officers left and the surveillance officers stopped Defendant. One officer noticed a gun handle protruding from Defendant's pant waist and arrested him.

Following the arrest, and with Defendant in custody, the police impounded Defendant's vehicle and moved it behind the gas station away from the path of heavy foot traffic at the front of the gas station where the vehicle was originally parked. Police then conducted an inventory search, which revealed that, among the contents of the vehicle, were a bag containing 30 grams of methamphetamine, numerous ecstasy and Viagra pills, several empty baggies, $5,700 in cash, and a cell phone which rang when police dialed the phone number provided by the tipster. During this process, police discovered the vehicle belonged to a rental car company.

Defendant was charged with illegal possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g), 924(a)(2), possession with intent to distribute a controlled substance by a person previously convicted of a drug trafficking felony under 18 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(C)(1)(A). Defendant filed a motion to suppress, arguing that the police did not have

probable cause for the stop and arrest. At the hearing on the motion, the Magistrate judge asked counsel specifically if there was a challenge to the inventory search as well. Counsel answered in the negative, and the Magistrate Judge emphasized this in the Report and Recommendation. Defendant's motion to suppress was subsequently denied. The case proceeded to trial, and at Calendar Call, Defendant complained to the Court that he felt the impound policy was important, but despite his requests, his counsel failed to provide him with the policy or make any challenges. On April 7, 2010, the jury convicted Defendant on one count. A second jury convicted Defendant on the other two counts upon re-trial on May 4, 2010. Defendant was sentenced to 180 months imprisonment.

Defendant filed an appeal on July 19, 2010, arguing that (1) the district court erred in finding probable cause for the stop and arrest and its subsequent refusal to suppress the evidence found in the vehicle, and (2) that the district court committed plain error in concluding that the search of the vehicle was a proper inventory search. The Ninth Circuit affirmed the Court's judgment and sentence finding that the officers had reasonable suspicion to approach Defendant and conduct a *Terry* stop. *U.S. v. Palumbo*, 448 Fed.Appx. 762, 763 (9th Cir. 2011). The Ninth Circuit also held that Defendant had waived the issue regarding the inventory search, but nonetheless determined that there was "nothing to suggest that the impoundment of [Defendant's] rental vehicle was improper or contrary to police policy. *Id*. at 764. Defendant now seeks a writ of habeas corpus and relief under 28 U.S.C. § 2255 arguing that his conviction was in violation of his constitutional right to effective assistance of counsel.

**II. DISCUSSION**

Where, as here, a defendant has procedurally defaulted a claim, the claim may be raised in a § 2255 Motion only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *Wainwright v. Sykes*, 433, U.S. 72, 87 (1977); *Smith v. Murray*, 477 U.S. 527, 537 (1986)). A § 2255 movant can ordinarily

1   establish "cause" by demonstrating that counsel rendered ineffective assistance. *See Coleman v.*
2   *Thompson*, 501 U.S. 722, 753–54 (1991).  However, attorney error, short of constitutional
3   ineffectiveness, does not constitute "cause" notwithstanding that the error was due to ignorance,
4   inadvertence, or deliberate strategy.  *See id*. at 752.
5          The familiar two-pronged test defined in *Strickland v. Washington*, 466 U.S. 668
6   (1984), controls claims asserting ineffective assistance of counsel.  Under the first prong, the §
7   2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell
8   below an objective standard of reasonableness.  *See id*. at 688.  In evaluating counsel's
9   performance, courts must not engage in the distorting analysis of hindsight; rather, they must
10  evaluate the reasonableness of counsel's performance within the context of the circumstances at
11  the time of the alleged errors.  *See id*. at 690.  Furthermore, because counsel's competence is
12  presumed, to satisfy this prong, a movant must rebut this presumption by proving that his
13  counsel's representation was unreasonable under prevailing professional norms.  *See Kimmelman*
14  *v. Morrison*, 477 U.S. 365, 384 (1986).
15         To satisfy the second prong, the movant must demonstrate that counsel's deficient
16  performance prejudiced him.  *See Strickland*, 466 U.S. at 687.  Typically, the movant must show
17  that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the
18  proceeding would have been different.  *See id*. at 694.  This reasoned probability of a different
19  result must rest on record evidence, not conjecture or speculation.  *See Gonzalez v. Knowles*, 515
20  F.3d 1006, 1015-16 (9th Cir. 2008).  The burden is undoubtedly on the movant and unless he
21  proves both prongs, his claims fail.  *See Strickland*, 466 U.S. at 687.
22         Here, Defendant argues that, because the police's inventory search of his vehicle
23  was improper, his counsel's deficient performance of failing to challenge the inventory search
24  resulted in the admittance of evidence that should have been suppressed.  This evidence
25  subsequently led to his conviction.  However, upon examination of Defendant's motion, the Court
26  finds that Defendant has failed to set forth sufficient allegations to establish that his counsel's

AO 72
(Rev. 8/82)

failure to raise objection to the inventory search was unreasonable under prevailing professional norms. Rather, it seems likely that Defendant's counsel did not raise argument because he concluded—as this Court and the Ninth Circuit also did—that the impounding was done in accordance with LVMPD policies. Trial counsel is not obligated to raise every argument that the represented party wishes. Contrarily, he is supposed to use his training, skill, and judgment to best achieve the desired outcome. Restraining from raising meritless or likely unsuccessful claims and focusing on those with greater probability of success is not below professional norms but rather the prudent execution of trial strategy and good lawyering. Because Defendant has not presented sufficient evidence to establish otherwise, there is no deficiency.

Additionally, Defendant fails to demonstrate a reasonable probability that, but for his counsel's "error," the result of the trial would have been different. Defendant's argument that the inventory search violated his constitutional rights has been found to be without merit. The Ninth Circuit held that there was "nothing to suggest that the impoundment of [Defendant's] rental vehicle was improper or contrary to police policy." This Court's review of the record results in the same conclusion. Consequently, had Defendant's counsel challenged the inventory search, there is not a reasonable probability that the Court would have excluded any of the evidence. Thus, even if the challenge was raised, the ultimate outcome would have been the same.

### III. CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Michael Paul Palumbo's Application for Writ of Habeas Corpus and Motion for Relief Under 28 U.S.C. § 2255 (#140) is DENIED.

Dated: November 13, 2012.

_____
ROGER L. HUNT
United States District Judge